*597 MEMORANDUM **
Appellant Marilee Holt challenges her conviction and sentence for involuntary manslaughter under 18 U.S.C. §§ 1112(a) and 1153 on the grounds that the district court erred in denying her motions to suppress blood draw evidence and to exclude that evidence at trial, and in excluding her proffered expert opinion evidence concerning the victim’s mental health history. She also argues that there was insufficient evidence to support her conviction and that the sentence imposed by the district court is unreasonable. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
1. The district court’s finding that Holt had voluntarily consented to having her blood drawn as part of the investigation of a fatal vehicle-pedestrian collision involving her Dodge Caravan was not clearly erroneous, and the district court did not err in denying Holt’s motion to suppress that evidence. See United States v. Chischilly, 30 F.3d 1144, 1151 (9th Cir.1994); Schneckloth v. Bustamonte, 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).
2. Nor did the district court abuse its discretion in- admitting the results of the blood draw (viz., that approximately two-and-a-half hours after the collision, Holt’s blood alcohol level was 0.15 mg/100 cc); this evidence tended to show that Holt was under the influence of alcohol at the time of the collision, and was corroborative of other evidence of her intoxication at that time. See United States v. Loera, 923 F.2d 725, 727 (9th Cir.1991).
3. Likewise, the district court did not abuse its discretion in excluding expert opinion evidence offered by Holt to show that because of drug and alcohol abuse, the decedent may have been delusional or suicidal at the time of the collision, and thus may have been the proximate cause of his own death. Very little evidence presented at trial corroborated this theory; testimony as to the decedent’s mental state during the evening before his death indicated that he was neither depressed nor suicidal, and as Holt concedes, there were no illegal controlled substances found in the decedent’s bloodstream at the time of the collision.
4. Holt also attacks the sufficiency of the evidence to prove each of the elements of the offense. Viewing the evidence in this case “in the light most favorable to the prosecution,” we conclude that “ ‘any rational trier of fact could have found the essential elements of the offense[ ] charged beyond a reasonable doubt,’ ” United States v. Rosales, 516 F.3d 749, 751-52 (9th Cir.2008) (quoting United States v. Hinton, 222 F.3d 664, 669 (9th Cir.2000)), and that Holt’s involuntary manslaughter conviction “does not rise to the level of plain error or manifest injustice.” United States v. Singh, 532 F.3d 1053, 1061 (9th Cir.2008).
5. Finally, Holt’s assertion that the district court failed to consider all of the 18 U.S.C. § 3553(a) sentencing factors and impose a sentence “that is sufficient but not greater than necessary to meet the goals of sentencing” lacks merit. The district court explicitly addressed several statutory factors in imposing Holt’s sentence, including “the nature and circumstances of the offense and the history and characteristics of the defendant” (§ 3553(a)(1)); “the need for the sentence imposed ... to reflect the seriousness of *598 the offense, to promote respect for the law, and to provide just punishment for the offense” (§ 3553(a)(2)(A)); the need for the sentence “to afford adequate deterrence to criminal conduct” (§ 3553(a)(2)(B)); and the kinds of sentence and the sentencing range established for “the applicable category of offense committed by the applicable category of defendant as set forth” in the federal Sentencing Guidelines (§ 3553(a)(4)(A)). The district court also imposed a term of community service in lieu of a fine, implicitly taking into account “the kinds of sentences available” (§ 3553(a)(3)), and imposed a $3,000 restitution obligation, reflecting its consideration of “the need to provide restitution to any victims of the offense” (§ 3553(a)(7)). Of course,
The district court need not tick off each of the § 3553(a) factors to show that it has considered them. We assume that district judges know the law and understand their obligation to consider all of the § 3553(a) factors, not just the Guidelines. See Walton v. Arizona, 497 U.S. 639, 653, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990) (“Trial judges are presumed to know the law and to apply it in making their decisions.”), overruled on other grounds by Ring v. Arizona, 536 U.S. 584, 609, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). Nor need the district court articulate in a vacuum how each § 3553(a) factor influences its determination of an appropriate sentence.
United States v. Carty, 520 F.3d 984, 992 (9th Cir.2008) (en banc), cert. denied, — U.S.-, 128 S.Ct. 2491, 171 L.Ed.2d 780 (2008). Recalling that “only a procedurally erroneous or substantively unreasonable sentence will be set aside,” id. at 993, on this record we can identify no procedural error or substantive basis for concluding that the sentence imposed was unreasonable under all of the circumstances of this case. We thus conclude that Holt’s sentence is reasonable, and we affirm it in all respects.
AFFIRMED.
RAWLINSON, Circuit Judge, concurring:
I concur in the result.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.